FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE PINO, on behalf of herself and all others similarly situated, | No. 23-3512 |
| | D.C. No. 2:20-cv-08499-JFW-KS |
| *Plaintiff - Appellant*, | |
| v. | |
| CARDONE CAPITAL, LLC; GRANT CARDONE; CARDONE EQUITY FUND V, LLC; CARDONE EQUITY FUND VI, LLC, | OPINION |
| *Defendants - Appellees*. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 7, 2024
San Francisco, California

Filed June 10, 2025

Before: M. Margaret McKeown, Lucy H. Koh, and
Anthony D. Johnstone, Circuit Judges.

Opinion by Judge McKeown

## SUMMARY[*]

### Securities Law

The panel reversed the district court's Fed. R. Civ. P. 12(b)(6) dismissal of a putative class action under §§ 12(a)(2) and 15 of the Securities Act of 1933.

The plaintiff alleged that, on social media, defendant Grant Cardone made opinion statements that he subjectively disbelieved and omitted material facts about the internal rate of return and distribution projections for real estate investment funds. The plaintiff also alleged that Cardone misstated material facts regarding the funds' debt obligations.

The panel held that the plaintiff sufficiently stated a claim under § 12(a)(2), which provides a cause of action for securities offered or sold using prospectuses or oral communications that contain material misstatements or omissions. The plaintiff's misleading-opinion claim, based on Cardone's statements about internal rate of return and distribution projections, required both subjective and objective falsity. The panel held that the plaintiff did not waive subjective falsity by disclaiming fraud in her complaint. Under *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175 (2015), she

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

PINO v. CARDONE CAPITAL, LLC  3

sufficiently alleged that Cardone subjectively disbelieved his projections and that those projections were objectively untrue.

The panel held that the plaintiff stated a material omission claim under § 12(a)(2) by alleging that Cardone failed to disclose an SEC letter, which requested that he remove the projected rates of return and distributions from his offering materials. The panel held that the plaintiff's constructive knowledge of the publicly available SEC letter did not defeat the omission claim.

The panel held that the plaintiff stated a claim under § 15 by sufficiently alleging that Cardone misstated material facts regarding the funds' debt obligations.

## COUNSEL

Raj Mathur (argued), Susman Godfrey LLP, New York, New York; Marc M. Seltzer, Steven G. Sklaver, and Krysta K. Pachman, Susman Godfrey LLP, Los Angeles, California; for Plaintiff-Appellant.

Lisa Bugni (argued) and Matthew V.H. Noller, King & Spalding LLP, San Francisco, California; Joseph N. Akrotirianakis, King & Spalding LLP, Los Angeles, California; Anne M. Voigts, King & Spalding LLP, Palo Alto, California; for Defendants-Appellees.

# OPINION

McKEOWN, Circuit Judge:

In an uncertain economic climate, the offer of a 15% return on investment may be just too enticing to pass up. And, indeed it was. Grant Cardone and the real estate syndicator he founded projected just such an investment return online to unsophisticated investors. Cardone shared his offerings on social media, boasting on Instagram that investors could double their money and telling viewers on YouTube:

> [Y]ou're gonna walk away with a 15% annualized return. If I'm in that deal for 10 years, you're gonna earn 150% . . . You can tell the SEC that's what I said it would be . . . some people call me Nostradamus, because I'm predicting the future dude, this is what's gonna happen.

Luis Pino filed a putative securities class action after investing money with Cardone. Christine Pino—Luis Pino's successor-in-interest—claims Cardone made opinion statements he subjectively disbelieved and omitted material facts about the internal rate of return ("IRR") and distribution projections for these investments. Pino also claims Cardone misstated material facts regarding debt obligations.

At the motion to dismiss stage, "we accept as true all facts alleged in the complaint and construe them in the light most favorable to plaintiff." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (quotation marks

omitted). Doing so here, Pino has sufficiently stated claims under §§ 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. § 77a *et seq*. (the "Act" or "Securities Act"). We reverse the district court's grant of Cardone's motion to dismiss.

## Background

Grant Cardone; Cardone Capital, LLC; Cardone Equity Fund V, LLC; and Cardone Equity Fund VI, LLC (collectively "Cardone") offer real estate investments to unaccredited investors.[1] Grant Cardone is a real estate entrepreneur and founder of Cardone Capital, LLC ("Cardone Capital"), a real estate syndicator that invests in real estate with money pooled from numerous investors. Cardone Equity Funds V and VI ("the Funds"), managed by Cardone Capital, are investment entities that acquire real estate properties throughout the country. The Funds are categorized as emerging growth companies under the 2015 U.S. JOBS Act, which allows for the sale of securities through crowdfunding and reduces reporting and accounting requirements. As Cardone Capital put it, these funds offered an investment opportunity for the "everyday investor." The Funds made offerings to investors under Regulation A of the Securities Act, which exempts smaller public offerings from Securities and Exchange Commission ("SEC") registration but still requires offerings to be filed with and qualified by the SEC. 17 C.F.R. § 230.251.

Luis Pino was an unaccredited investor who invested in the Funds in 2019. Pino—who was substituted after his

---

[1] Unaccredited investors are individuals, investing on their own, who have not met wealth, income, or financial sophistication criteria to be accredited by the SEC. 17 C.F.R. § 230.501.

death by his daughter and successor-in-interest, Christine Pino—filed a putative class action against Cardone alleging violations of the Securities Act based on misstatements and omissions in Cardone's real estate investment offering materials, particularly those on social media. Pino brought claims under § 12(a)(2) of the Act against Cardone, and under § 15 of the Act against Grant Cardone and Cardone Capital. Pino filed a complaint in September 2020 and amended it in February 2021.

The district court granted Cardone's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismissed the action with prejudice. *Pino v. Cardone Cap., LLC*, 2021 WL 3502493 (C.D. Cal. Apr. 27, 2021). According to the district court, Cardone and Cardone Capital were not "sellers" under § 12(a)(2) and the challenged statements were not actionable under the Act. *Id.* Pino appealed, and we affirmed in part and reversed in part. *Pino v. Cardone Cap., LLC*, 55 F.4th 1253 (9th Cir. 2022) ("*Pino I*"). We concluded that Pino plausibly alleged Grant Cardone and Cardone Capital qualify as statutory sellers and reversed the district court's dismissal on this basis. *Pino I* at 1255.

In an accompanying memorandum disposition, we concluded that some of Cardone's challenged statements were actionable under the Act. *Pino v. Cardone Cap., LLC*, No. 21-55564, 2023 WL 2158802 (9th Cir. Feb. 22, 2023) ("*Pino Disposition*"). We reversed the district court's dismissal of Pino's claims based on Cardone's statements regarding the Funds' 15% IRR and distributions, as well as the Funds' debt obligations. *Pino Disposition* at *3. "Because Pino did not plead these claims under the standard [for opinion misstatements or omissions] in *Omnicare*," we remanded and directed the district court to "grant Pino leave

to amend the [first amended complaint] to replead these claims consistent with this memorandum disposition and opinion." *Pino Disposition* at *4. (*Omnicare* set the standard for untrue statements or omissions as applied to statements of opinion. *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 178 (2015)). We emphasized that "[o]n remand, Defendants may raise arguments to the district court regarding application of the *Omnicare* standard, but Defendants may not relitigate any of the issues resolved by this memorandum disposition." *Pino Disposition* at *4.

Pino filed a second amended complaint in June 2023. Pino first alleges Cardone made misleading opinion statements, in Instagram posts and YouTube videos, as to the projected IRR and disbursements the Funds would make. Pino also alleges Cardone made misleading omissions by failing to disclose in these communications to would-be investors a letter from the SEC to Cardone asking Cardone to remove the IRR and distribution projections from its offering circular as the projections lacked backing. Finally, Pino alleges Cardone's social media posts misrepresented who had the obligation for debts in the Funds, focusing on an Instagram post that included the language: "One question you might want to ask is, who is responsible for the debt? The answer is Grant [Cardone]!"

Cardone again filed a Rule 12(b)(6) motion to dismiss and the district court again dismissed the claims without leave to amend and dismissed the action with prejudice.

We review de novo the district court's dismissal under Rule 12(b)(6). *Moore v. Trader Joe's Co.*, 4 F.4th 874, 880 (9th Cir. 2021). Dismissal is warranted only "when the complaint fails to state sufficient facts creating a plausible

claim to relief." *Id.* (internal citation omitted). We accept the complaint's facts as true "and construe them in the light most favorable to plaintiff." *DaVinci Aircraft*, 926 F.3d at 1122 (internal quotation marks and citation omitted). Because Pino plausibly alleges her claims,[2] we reverse the dismissal.

## I. Misleading Opinion Claim: IRR and Distribution Projections

Section 12(a)(2) of the Securities Act provides a cause of action for securities offered or sold using prospectuses or oral communications that contain material misstatements or omissions. 15 U.S.C. § 77l(a)(2). Pino's claim under this section, based on Cardone's IRR and distribution projections, requires both subjective and objective falsity. Subjective falsity means that "the speaker did not hold the belief [he] professed" and objective falsity requires "that the belief is objectively untrue." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615–16 (9th Cir. 2017) (citing *Omnicare*, 575 U.S. at 186). The district court incorrectly held Pino waived subjective falsity by disclaiming fraud in her complaint and also erred in finding that she failed to plausibly allege subjective and objective falsity.

---

[2] Section 15 of the Securities Act imposes liability on those that control a person or entity that violates § 11 or § 12 of the Act. 15 U.S.C. § 77o. Because Pino has plausibly alleged her § 12 claims, she has also adequately alleged a § 15 claim against Grant Cardone and Cardone Capital.

### 1. Disclaiming Fraud Does Not Waive a § 12(a)(2) Misstatement Claim

The district court, citing *Omnicare*, concluded Pino cannot proceed with her misstatement claim because she "disclaimed any and all allegations of fraud." A careful reading of *Omnicare* does not support this analysis.

In discussing the failure of a § 11 false statement claim under the Act, the Court wrote:

> The two sentences to which [plaintiffs] object are pure statements of opinion . . . And the [plaintiffs] do not contest that [defendant]'s opinion was honestly held. Recall that their complaint explicitly "exclude[s] and disclaim[s]" any allegation sounding in fraud or deception. App. 273. What the [plaintiffs] instead claim is that [defendant]'s belief turned out to be wrong . . . But that allegation alone will not give rise to liability under § 11's first clause because, as we have shown, a sincere statement of pure opinion is not an "untrue statement of material fact," regardless whether an investor can ultimately prove the belief wrong.

*Omnicare*, 575 U.S. at 186. Context matters. Although the Court references a fraud waiver, that reference merely underscores that plaintiffs did not argue subjective disbelief at all, and instead argued defendant's sincerely held opinion proved wrong. The Court's decision in *Omnicare* makes clear that it is the absence of claims of subjective disbelief, rather than the absence of *fraud* claims specifically, that doomed plaintiffs' claims.

This principle guides our analysis in the § 12 context. As Justice Kagan writes for the Court earlier in the opinion, for claims of both untrue statements of fact and misleading omissions, "the buyer need not prove that the issuer acted with any intent to deceive or defraud." *Omnicare*, 575 U.S. 175. Fraud is not an element of a § 12(a)(2) claim, and a fair reading of *Omnicare* is consistent with Pino's argument that disclaiming fraud alone does not foreclose an entirely separate § 12(a)(2) misstatement cause of action. *See also, e.g., Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 578 (1995) ("It is understandable that Congress would provide [securities] buyers with a right to rescind, without proof of fraud or reliance . . ." (analyzing § 12 of the Securities Act)). It is also worth noting that in *Omnicare*, the plaintiffs' broad waiver encompassed "any allegation that could be construed as alleging fraud *or intentional or reckless misconduct*." 575 U.S. at 182 (emphasis added) (internal quotation marks and citation omitted). This language is far broader than Pino's waiver, which is limited to "any allegation in th[e] complaint that could be construed as alleging fraud."

Although we have not dealt directly with the fraud waiver issue, it is instructive that we do not ordinarily impose Federal Rule of Civil Procedure 9(b)'s particularity requirement on standalone § 11 and § 12 claims. We have, in contrast, required Rule 9(b)'s particularity in pleading violations of sections of the Securities Act and the Securities Exchange Act of 1934 ("Exchange Act") that do specifically cover fraud, such as §§ 10(b) and 14(e) of the Exchange Act. For example, we have previously held that a plaintiff must plead a § 11 claim with particularity only where those factual allegations "sound[] in fraud." *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009). In *Rubke*, the complaint employed the same factual allegations for a § 11

claim as for a claim under § 10(b) of the Exchange Act, which "prohibits 'any act, practice, or course of business which operates or would operate *as a fraud or deceit upon any person*.'" *Id.* at 1164 (citing 17 C.F.R. § 240.10b–5(c)) (emphasis added); *see also In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1056–57 (9th Cir. 2023) (requiring claim to be pled with particularity when plaintiff alleged violation of § 14(e) of the Exchange Act that prohibits fraudulent, deceptive, or manipulative acts or practices).

Section 12(a)(2) is unique as "a virtually absolute liability provision that does not require an allegation that defendants possessed scienter." *Miller v. Thane Int'l, Inc.*, 519 F.3d 879, 886 (9th Cir. 2008) (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 269 (3d Cir. 2006)). The district court erred in reasoning that Pino's fraud disclaimer doomed her subjective falsity claim.

### 2. Pino Sufficiently Alleged Subjective and Objective Falsity

Apart from the fraud disclaimer, the district court also decided that Pino failed to allege either that Cardone subjectively disbelieved the IRR and distribution projections or that those projections were objectively untrue. Given the deferential standard at the motion to dismiss stage, we conclude that Pino's allegations are sufficient.

Under *Omnicare*, subjective falsity goes to whether "the speaker actually holds the stated belief." *Omnicare*, 575 U.S. at 184. Pino's allegation of Cardone's subjective disbelief is both strong and reasonable: Cardone made a projection of 15% IRR and relatedly high distributions in its initial offering circular. The SEC reviewed the offer and in a letter to Cardone stated these projections lacked backing and should be removed. Cardone pushed back on other

criticisms from the SEC, but not this one, suggesting Cardone did not truly believe its own projections and lacked evidence to rebut the SEC. Even so, Cardone continued to repeat the IRR and distribution projections in other communications to would-be investors on social media.

We acknowledge that the SEC's letter itself did not take a position on the subjective belief or objective falsity of the projections. But Cardone's telling *reaction* to the SEC letter—removing the projections without any rebuttal or comment—evinces Cardone's subjective disbelief. Construing the facts in the light most favorable to Pino plausibly supports the claim that Cardone did not believe these projections in the first place. This response suffices as "circumstantial evidence bearing on . . . the honesty of [a] statement" sufficient to meet this prong at this stage while being open to "support[] or attack[]" via Cardone's own evidence in future. *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1092–93 (1991) (holding that knowingly false statements of belief can be actionable material misstatements).

Objective falsity means the statement is untrue. *Dearborn*, 856 F.3d at 616. The district court held Pino did not allege objective falsity and regardless could not, because the Funds' SEC Form 1-K filings purportedly projected performance in line with the 15% IRR projection. This approach elevates Cardone's self-serving statements over other evidence. Even assuming they were properly incorporated by reference, Cardone's 1-K filings do not resolve the factual dispute between the parties. Pino points out that the projections lacked a basis, no prior funds had performed to this level, and the properties for the Funds had not yet been purchased to argue these projections were objectively untrue *when made* and alleges as much in her

complaint. *See Omnicare*, 575 U.S. at 185–190 (assessing what is true at the time misstatements are made). Because inferences must be drawn in Pino's favor at the motion to dismiss stage, Pino has plausibly alleged a claim under the subjective falsity prong of *Omnicare*.

## II. Material Omission Claim: IRR and Distribution Projections

We next consider Pino's claims that Cardone is liable under § 12(a)(2) because he "omit[ted] to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission)." 15 U.S.C. § 77l(a)(2). Pino sufficiently alleges that Cardone's failure to disclose the SEC letter (which requested that Cardone remove the projected rates of return and distributions) supports an omission claim under *Omnicare*.

The Court in *Omnicare* made clear that omission requires more than an issuer failing to disclose "some fact cutting the other way." *Omnicare*, 575 U.S. at 189. But if an issuer states an opinion "with knowledge that the Federal Government [i]s taking the opposite view, the investor [] has cause to complain: He expects not just that the issuer believes the opinion (however irrationally), but that it fairly aligns with the information in the issuer's possession at the time." *Id.* at 188–89.

Although the district court held that the public availability of the SEC letter on its EDGAR database defeats the omission claim, that rationale fails because constructive knowledge does not bar recovery for § 12 claims. *Casella v. Webb*, 883 F.2d 805, 809 (9th Cir. 1989) (holding constructive knowledge does not bar a purchaser's recovery

under § 12 as "purchasers may recover unless they have actual knowledge of the untruth or omission").

Faced with the reality that constructive knowledge does not defeat the claim, Cardone argues that the SEC letter's public availability means there was no omission in the first place. This argument is a backhanded effort to get around the insufficiency of constructive knowledge to bar a § 12 claim. In *Casella v. Webb*, we analyzed whether plaintiffs had constructive knowledge of the falsity of oral statements made by a securities seller when the printed offering memorandum contradicted these statements. 883 F.2d 805. Even though the *Casella* plaintiffs had the allegedly omitted, contrary facts in their hands—in the offering memorandum provided to them by the seller—we *still* concluded it was error to grant summary judgment against plaintiffs and permitted their Securities Act claim to proceed. *Id.* at 809.

As *Casella* demonstrates, in line with the text of § 12(a)(2), the narrow inquiry is whether the specific "statement(s), in the light of the circumstances under which they were made," were misleading for what they omitted—not whether, as Cardone argues, having a fact publicly available elsewhere means it was not omitted. 15 U.S.C. § 77l(a)(2). By its nature, a misleading omission suggests that a contrary fact could exist and may have been disclosed elsewhere, but not as part of the statement in question. Indeed, "that truthful information is available elsewhere does not relieve a defendant from liability for misrepresentations in a given filing or statement." *Miller*, 519 F.3d at 887 n.2.

### III. Material Misstatement Claim: Debt Obligations

Finally, the district court erred in concluding that the misleading debt obligation statement—that Cardone was

responsible for the debt of the Funds—was not material, and therefore did not support a cause of action. To begin, undertaking this analysis likely exceeded the scope of the mandate on remand. Our prior disposition held that Pino "plausibly alleged that these statements were 'untrue statements of fact'" and thus actionable. *Pino Disposition* at \*3. Though we did not address materiality directly, materiality is a requirement for a claim under § 12(a)(2), and the materiality arguments were previously raised by Cardone and inherently rejected on appeal when we held Pino's claims could proceed. *Id.*

Regardless, Cardone's arguments for dismissal fail on the merits. Materiality requires "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *Basic Inc. v. Levinson,* 485 U.S. 224, 231–32 (1988) (quoting *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)).

Though Cardone argues the debt is a small percentage of the total costs associated with running the Funds, there would be fewer costs for investors and thus greater returns if Cardone were responsible for the debt. *See Miller*, 519 F.3d 889–892 (considering the benefits the plaintiff class would have enjoyed had the misleading statement by defendants that they would list on the NASDAQ been true). A potential change in costs and returns thus could alter the "total mix" of available information in the eyes of a reasonable investor. *See Basic Inc.,* 485 U.S. at 231–32. Assessing materiality "requires delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of facts and the significance of those inferences to him, and these assessments are peculiarly ones for the trier of fact." *Miller*, 519 F.3d at 885. We are at the inference, not

conclusion, stage and Pino has alleged enough to support materiality at this juncture.

**REVERSED.**